UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELLE ANN CALLAHAN,

    Plaintiff,

v.      Case No: 2:21-cv-153-JLB-PDB

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

### **ORDER**

Plaintiff filed this action seeking review of the Commissioner of Social Security's decision denying her claim for Supplemental Security Income ("SSI"). (Doc. 1.)  Now before the Court is Plaintiff's Unopposed Motion to Dismiss Complaint.  (Doc. 24.)  Plaintiff's counsel sadly represents that she has passed. (Id. at 1, ¶ 4.)  And because no eligible spouse survived her, counsel states that Plaintiff's SSI claim is moot under 20 C.F.R. § 416.542.  (Id. at 2, ¶¶ 5–7.)  Counsel also states that the Commissioner does not oppose dismissal.  (Id. at 2, ¶ 8.)

As an initial matter, the filing states that it is brought on behalf of "Plaintiff's decedent through his undersigned counsel."  (Id. at 1 (emphasis added).)  The Court notes that this likely is a typographical error and that Plaintiff's descendent seeks dismissal.  Certainly, nothing in the record reflects that counsel was appointed to represent Plaintiff's estate.  Be that as it may, the motion does not identify the descendent nor has any descendent formally appeared in this matter. It is also inappropriate for counsel to seek dismissal on his own accord if that is the

case here. "An attorney's agency to act on behalf of a client terminates upon that client's death." Schmidt v. Merrill Lynch Tr. Co., No. 507-CV-382-OC-10GRJ, 2008 WL 2694891, at *3 (M.D. Fla. June 30, 2008).

Still, though, "pursuant to the plain language of Rule 12(h)(3) of the Federal Rules of Civil Procedure, . . . a district court may act sua sponte to address the issue of subject matter jurisdiction at any time." Herskowitz v. Reid, 187 F. App'x 911, 912–13 (11th Cir. 2006). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001).

Under these facts, Plaintiff's passing would indeed render the controversy moot. For an SSI claim to be valid after an adult claimant's death, that individual must be survived by an eligible spouse. 20 C.F.R. § 416.542(b)(4); Atkins ex rel. Atkins v. Comm'r Soc. Sec., 810 F. App'x 122, 124 n.2 (3d Cir. 2020); Est. of Olson, 19 F. App'x 552, 553 (9th Cir. 2001). Here, as noted, counsel states that Plaintiff is not survived by any such eligible spouse. (Doc. 24 at 2, ¶ 5.)[1] This would mean that there is no appropriate party who may be substituted for Plaintiff as her claim for SSI was "extinguished" upon her death. See Fed. R. Civ. P. 25(a)(1). Put differently, "as plaintiff has died leaving no eligible surviving spouse, plaintiff's

---

[1] This representation is made "[t]o the best of [counsel's] knowledge." (Doc. 24 at 2, ¶ 5.) At her administrative hearing, Plaintiff testified that her husband died in 2019 and there is no record evidence that Plaintiff remarried. (Doc. 22-2 at 84–85.)

death renders this case moot."  Hill v. Barnhart, No. CIV.A. 7:05CV166, 2006 WL 910010, at *1 (W.D. Va. Apr. 6, 2006).  This Court thus <u>sua sponte</u> dismisses this case.

For these reasons, this case is **DISMISSED without prejudice** for lack of jurisdiction.  Plaintiff's Unopposed Motion to Dismiss Complaint Without Prejudice (Doc. 24) is **DENIED as moot**.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the file.

**ORDERED** at Fort Myers, Florida, on March 31, 2022.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE